# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TAMIKA GLOVER** <br> Plaintiff | § § § | |
| v. | § § | C.A. NO. 3:22-cv-1985-K |
| **PRAETORIAN INSURANCE COMPANY** <br> Defendant. | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Tamika Glover files this First Amended Complaint against Defendant Praetorian Insurance Company and shows:

### I. PRELIMINARY INFORMATION AND DEFINITIONS

1. Insured: Tamika Glover ("Plaintiff")
   Insurer: Praetorian Insurance Company ("Defendant Insurer")
   Policy Number: NHP8896109 ( "Defendant Insurer's Policy")
   Claim Number: 793098N ("Claim" or "Claim Number")
   Date of Loss: February 21, 2021 ("Date of Loss")
   Insured Property: 1819 Apollo Ln., Lancaster, TX 75134 ("Property" or "Insured Property")

### II. PARTIES

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Defendant Insurer is a Texas "Foreign" company registered to engage in the business of insurance in the State of Texas. Defendant Insurer may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary or attorney in fact at the home office or principal place of business of the company or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

1

4.      Defendant Insurer's Attorney for Service is: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

5.      Defendant Insurer's home office or principal place of business of the company is: 9025 N. Lindbergh Dr., Peoria, IL 61615.

### III. JURISDICTION

6.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant Insurer are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### IV. VENUE

7.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of events or omissions giving rise to the claim occurred in this district and the property the subject of the action is situated in this district.

### V. FACTS

8.      Plaintiff is the named insured in a residential dwelling insurance policy ("Defendant Insurer's Policy") Defendant Insurer issued providing Plaintiff's home coverage. Defendant Insurer sold Defendant Insurer's Policy to Plaintiff, insuring the subject property of this lawsuit to Plaintiff.

9.      A freeze damaged Plaintiff's home on or around February 21, 2021.

10.     Plaintiff submitted Plaintiff's claim to Defendant Insurer with a Date of Loss for damage to multiple rooms in the home. Defendant Insurer assigned a Claim Number to Plaintiff's claim, adjusted the claim, accepted liability for the loss, and paid for some of Plaintiff's repairs.

11.     Yet, Defendant Insurer failed to properly adjust the claim concerning damages the freeze caused and summarily improperly denied the claimed freeze damages with obvious

knowledge and evidence of serious damages the freeze caused. Specifically, Plaintiff fully complied with Defendant Insurer's investigation of the loss, but Defendant Insurer refused to consider testimony or evidence Plaintiff presented showing the extent of covered damages the freeze caused.

12. The adjuster Defendant Insurer hired was improperly trained, had inadequate knowledge of the type and scope of loss, had very little or no hands-on freeze damages experience and was not qualified to prepare an estimate for freeze damages Plaintiff suffered—likely contributing to Defendant Insurer's improper underpayment of Plaintiff's claimed freeze damages.

13. As Defendant Insurer failed to conduct a reasonable investigation of the freeze damages to Plaintiff's home, it created a scope of damages significantly less than the amount of freeze damages Plaintiff actually suffered.

14. Defendant Insurer failed to perform its contractual duty to adequately compensate Plaintiff for damages the freeze caused per terms of Defendant Insurer's Policy. Defendant Insurer failed and refused to pay the full proceeds of Defendant Insurer's Policy although due demand was made for proceeds to be paid in an amount sufficient to cover Plaintiff's damages the freeze caused and Plaintiff carried-out and accomplished all conditions precedent to recovery for damages the freeze caused upon Defendant Insurer's Policy. Such conduct constitutes breach of the insurance contract between Defendant Insurer and Plaintiff. Specifically, Plaintiff fully complied with Defendant Insurer's investigation of the loss, but Defendant Insurer refused to consider the testimony or evidence Plaintiff presented showing the damages the freeze caused were a direct result of the freeze.

15. Defendant Insurer misrepresented to Plaintiff the damages the freeze caused to the property were not in excess to the amount paid even though a covered occurrence (as admitted by

Defendant Insurer) caused the damages resulting from the freeze. Specifically, Plaintiff fully complied with Defendant Insurer's investigation of the loss, but Defendant Insurer refused to consider the testimony or evidence Plaintiff presented showing the claimed damages the freeze caused were a direct result of the freeze and far more extensive than Defendant Insurer's claim adjustment. Defendant Insurer's conduct constitutes Texas Insurance Code violations.

16.     Defendant Insurer failed to attempt to settle Plaintiff's claim for damages the freeze caused in a fair manner although Defendant Insurer was aware of its liability to Plaintiff under Defendant Insurer's Policy for Plaintiff's damages the freeze caused. Specifically, Plaintiff fully complied with Defendant Insurer's investigation of the loss, but Defendant Insurer refused to consider the testimony or evidence Plaintiff presented showing the claimed damages the freeze caused were far more extensive than Defendant Insurer's claim adjustment. Defendant Insurer should have known Plaintiff's damages the freeze caused were caused by the freeze and far exceeded the amount determined by Defendant Insurer. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541.060(2).

17.     Defendant Insurer failed to explain to Plaintiff the reasons for its offer of an inadequate settlement for Plaintiff's damages the freeze caused. Specifically, Defendant Insurer failed to offer Plaintiff adequate compensation without sufficient explanation why full payment was not being made. Plaintiff fully complied with Defendant Insurer's investigation of the damages the freeze caused and Defendant Insurer conducted an outcome-oriented investigation wherein it had already decided the damages the freeze caused were far less than the actual amount of damages sustained. Furthermore, Defendant Insurer did not communicate that any future settlements or payments would be forthcoming to pay for the damages the freeze caused which Defendant Insurer's Policy covered nor did it provide any explanation for the failure to adequately

settle Plaintiff's claim. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541.060(3).

18. Defendant Insurer failed to accept or deny coverage of Plaintiff's claim for damages the freeze caused within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding Plaintiff's damages the freeze caused, in writing from Defendant Insurer. Plaintiff fully complied with Defendant Insurer's investigation of Plaintiff's damages the freeze caused and Defendant Insurer conducted an outcome-oriented investigation wherein it had already decided Plaintiff's damages were far less than the actual amount of damages sustained. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541.060(4).

19. Defendant Insurer refused to fully compensate Plaintiff for Plaintiff's damages the freeze caused, under Defendant Insurer's Policy's terms, because Defendant Insurer failed to conduct a reasonable investigation. Specifically, Defendant Insurer performed an outcome-oriented investigation of Plaintiff's claim for damages the freeze caused, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's damages the freeze caused. Plaintiff fully cooperated with Defendant Insurer's investigation, but Defendant Insurer had already decided it would conduct the investigation to the detriment of Plaintiff. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541.060(7).

20. Defendant Insurer failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claim for damages the freeze caused, beginning investigation of Plaintiff's claim for damages the freeze caused and requesting all information reasonably necessary to investigate Plaintiff's claim for damages the freeze caused within fifteen (15) days of

receiving notice of Plaintiff's claim for damages the freeze caused. Defendant Insurer's conduct constitutes Texas Prompt Payment of Claims Act violations. TEX. INS. CODE § 542.055. Specifically, Defendant Insurer delayed the investigation despite Plaintiff fully cooperating with Defendant Insurer's investigation. Defendant Insurer's actions were driven by its premeditated motive to underscope and underpay an undisputed covered claim.

21.     Defendant Insurer failed to accept or deny Plaintiff's claim for damages the freeze caused within fifteen (15) business days of receiving all required information. Specifically, Plaintiff fully complied with Plaintiff's duties after loss under Defendant Insurer's Policy's terms by aiding Defendant Insurer in its investigation and providing testimony and documentation as requested by Defendant Insurer. Defendant Insurer's conduct constitutes a Texas Prompt Payment of Claims Act violation. TEX. INS. CODE § 542.056.

22.     Defendant Insurer failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiff's claim for damages the freeze caused without delay. Specifically, Defendant Insurer has delayed full or any payment of Plaintiff's claim for damages the freeze caused longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim for damages the freeze caused. Further, Plaintiff fully cooperated with Defendant Insurer's investigation of Plaintiff's claim for damages the freeze caused and Defendant Insurer should have paid the Plaintiff's claim for all damages the freeze caused, but did not. Defendant Insurer's conduct constitutes a Texas Prompt Payment of Claims Act violation. TEX. INS. CODE § 542.055.

23.     The liability of Defendant Insurer to pay Plaintiff's full claim for damages the freeze caused in accordance with the terms of Defendant Insurer's Policy was reasonably clear from and after the time Plaintiff's claim for damages the freeze caused was presented to Defendant Insurer. Specifically, Plaintiff fully cooperated with Defendant Insurer's investigation of

Plaintiff's claim for damages the freeze caused and Defendant Insurer should have paid Plaintiff's claim for all damages the freeze caused. However, Defendant Insurer has refused to pay Plaintiff the full amount of damages, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment as Plaintiff provided all evidence to show the extent of the freeze damages. Defendant Insurer's conduct equates to breaches of the common law duty of good faith and fair dealing.

24.     Plaintiff was forced to retain the attorney representing Plaintiff in this cause of action as a result of Defendant Insurer's acts and omissions.

### VI. CAUSES OF ACTION:

25.     Plaintiff incorporates Paragraphs 1 to 24 by reference into each of the following causes of action:

### A. COUNT 1: Breach of Contract

26.     Defendant Insurer's conduct, as described in this complaint and incorporated herein, constitutes a breach of the insurance contract made between Defendant Insurer and Plaintiff as follows: (a) Plaintiff and Defendant Insurer entered into a valid, enforceable contract between the parties providing coverage for Plaintiff's home; (b) Plaintiff is the named insured and proper party to suit; (c) Plaintiff complied with all conditions precedent by timely notifying Defendant Insurer of the loss, cooperating with the investigation, producing supporting documentation, and submitting to all requested statements; (d) Defendant Insurer failed to pay Plaintiff's claim in full despite its contractual obligation to do so; and (e) Plaintiff suffered pecuniary loss as a direct result of Defendant Insurer failing to pay Plaintiff's claim in full.

27.     It has long been the rule in Texas that accompanying every contract is a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed be

done and a negligent failure to observe any of these conditions is a tort as well as a breach of contract. *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508, 510 (Tex. 1947). Defendant Insurer's above-described failure and refusal to pay the adequate compensation as is obligated to do under Defendant Insurer's Policy and the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, interest and reasonable and necessary attorneys' fees for Texas Insurance Code violations.

28. Defendant Insurer's conduct of failing to conduct a reasonable investigation, misrepresenting to Plaintiff the extent of Plaintiff's damages and failing to pay in full Plaintiff's valid claim despite Plaintiff's full compliance with all conditions precedent under Defendant Insurer's Policy constitutes multiple Texas Unfair Compensation and Unfair Practices Act violations. TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE § 541.151.

29. Defendant Insurer's above-described unfair practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

30. Defendant Insurer's above-described unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims, even though Defendant Insurer's liability under Defendant Insurer's Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

31. Defendant Insurer's above-described unfair settlement practice of failing to

promptly provide Plaintiff with a reasonable explanation of the basis in Defendant Insurer's Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

32. Defendant Insurer's above-described unfair settlement practice of failing within a reasonable time to affirm or deny coverage of Plaintiff's claim or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

33. Defendant Insurer's above-described unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

34. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act." Defendant Insurer's conduct of failing to timely pay Plaintiff's claim constitutes multiple Texas Prompt Payment of Claims Act violations. TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

35. Defendant Insurer's above-described failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim and request from Plaintiff all items, statements and forms they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE § 542.055-542.060.

36. Defendant Insurer's above-described delay of payment of Plaintiffs claims following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claim. TEX. INS.

CODE § 542.055-542.060.

## B. COUNT 2: Breach of the Duty of Good Faith and Fair Dealing

37. Defendant Insurer's conduct of failing to conduct a reasonable investigation, as described above and incorporated herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. *See State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997) (wherein an insurance company acted in bad faith when it denied a claim by its insureds; in an action for property damage due to plumbing leaks, the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual). Similarly, here, Defendant Insurer manufactured a false basis of exclusion to deny paying Plaintiff's claim in full for damages the freeze caused thereby thwarting any opportunity to conduct a reasonable investigation of Plaintiff's claim for damages the freeze caused. The refusal to pay any of Plaintiff's covered claim for damages the freeze caused demonstrates the lack of diligence Defendant Insurer asserted.

38. Defendant Insurer's failure, as described above and incorporated herein, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at the time Defendant Insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## C. COUNT 3: Deceptive Trade Practices & Unconscionable Conduct - Knowledge and Intent

39. Each of the above-described acts (and incorporated herein), together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages Texas Deceptive Trade Practices Act ("DTPA") describes therein.

40. Each of the acts described above (and incorporated herein), together and singularly,

constitute a DTPA violation pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each and every above-alleged cause of action under DTPA pursuant to DTPA's tie-in provision.

41. Plaintiff was a consumer who purchased an insurance policy, Defendant Insurer's Policy, from Defendant Insurer at all times material hereto. Defendant Insurer violated DTPA in the following manners:

   a. Representing the goods or services have characteristics, benefits or qualities which they do not have;

   b. Representing Defendant Insurer's Policy confers rights and remedies which it does not have;

   c. Failing to disclose information concerning Defendant Insurer's Policy which was known at the time of purchase and such failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed; and

   d. Engaging in an unconscionable course of conduct.

42. Defendant Insurer continually informed Plaintiff that it would cover Plaintiff's damages a freeze caused. Plaintiff's property suffered significant damages the freeze caused that are more than cosmetic or long-term in nature due to a covered event. Plaintiff would not have purchased Defendant Insurer's Policy but for Defendant Insurer's failure to disclose that it would arbitrarily and unreasonably undervalue Plaintiff's damages. Instead, Plaintiff is left with significant damages the freeze caused due to Defendant Insurer's failure to properly adjust Plaintiff's claim for damages the freeze caused.

### D. COUNT 4: Texas Prompt Payment of Claims Act Violations: Texas Insurance Code, Chapter 542: Strict Liability With No Good Faith Exception

43. Defendant Insurer's conduct, as described above and incorporated herein, constitutes multiple Texas Prompt Payment of Claims Act ("TPPCA") violations. Plaintiff has a claim under an insurance policy, Defendant Insurer's Policy, Defendant Insurer is liable for the claim and Defendant Insurer has failed to pay statutory interest and penalties as TPPCA requires. TEX. INS. CODE § 542.051-542.061.

44. Defendant Insurer failed to perform the following duties not later than the 15th day after receipt of notice of the claim as described above:

   a. Acknowledge the claim. Defendant Insurer failed to acknowledge receipt of the claim. TEX. INS. CODE § 542.055(a)(1). *See Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

   b. Record the acknowledgement. Defendant Insurer failed to make a record of the date, means and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

   c. Commence the investigation. Defendant Insurer failed to commence a reasonable investigation of the claim. Specifically, Defendant Insurer conducted an unreasonable, outcome-oriented investigation of the claim with no intent to give deference to Plaintiff's testimony or evidence presented by Plaintiff. TEX. INS. CODE § 542.055(a)(2); and

   d. Request information from the claimant. Defendant Insurer failed to request from Plaintiff all items, statements and forms reasonably needed from Plaintiff. Instead, Defendant Insurer merely relied on its own biased premeditated conclusions to form the basis of its claim decision and subsequent underpayment of the entire claim. TEX. INS. CODE § 542.055(a)(3).

45. As described above, Defendant Insurer failed to perform the following duties after

Defendant Insurer received all items, statements and forms reasonably required from Plaintiff:

    a. Accept or reject the claim. Defendant Insurer failed to notify Plaintiff by the 15th business day that Defendant Insurer either accepted or rejected the claim. TEX. INS. CODE § 542.056(d);

    b. State reasons for any rejection. Defendant Insurer failed to notify Plaintiff of any reasonable justification for underpaying such claim. TEX. INS. CODE § 542.056(c);

    c. Ask for more time and tell why it is needed. Defendant Insurer failed to notify Plaintiff it needed more time or provide reasonable justification for seeking more time to complete a reasonable investigation. TEX. INS. CODE § 542.056(d);

    d. Pay the claim after Plaintiff performed all conditions precedent. For each condition sought on Plaintiff, Defendant Insurer did not pay such claim within five business days after such condition was satisfied. Ultimately, Defendant Insurer failed to pay the full amount of Plaintiff's damages as determined by Plaintiff's estimator. TEX. INS. CODE § 542.057(b); and

    e. Pay the claim within 60 days after receipt of information. Defendant Insurer failed to pay the claim within 60 days after receiving all items requested from Plaintiff despite Plaintiff's complete compliance with facilitating Defendant Insurer's investigation and complying with all other conditions precedent. TEX. INS. CODE § 542.058(a).

46.    Defendant Insurer's failure to pay the full amount of the claim enables Plaintiff to recover interest at 18% *per annum* for the unpaid portions of the claim under the above-cited statutes. Plaintiff asserts a claim under Chapter 542 for interest on unpaid damages along with

attorneys' fees for collecting the interest. *Barbara Tech. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019).

47. Notably, Chapter 542 is strict liability with no good faith exception. Thus, interest owed under Chapter 542 cannot be determined exactly until Defendant Insurer pays Plaintiff's claim. Moreover, interest owed under Chapter 542 is dependent on a finding of liability for Defendant Insurer. That is, Plaintiff's claims under Chapter 542 are part and parcel of Defendant Insurer's breach of contract to the extent the interest owed is dependent on a finding that Defendant Insurer is liable and breached the contract by failing to pay amounts determined to be owed to Plaintiff. Interest is calculated based on the number of days passing from Defendant Insurer's claim denial until the date Defendant Insurer pays the full amount owed at a rate of 18% of the total amount owed *per annum*.

### E. COUNT 5: Unfair Insurance Practices: Texas Insurance Code, Chapter 541

48. Defendant Insurer's conduct, as described above and incorporated herein, constitutes multiple Unfair Insurance Practices violations.

49. Defendant Insurer engaged in the following settlement practices with respect to the claim Plaintiff made (TEX. INS. CODE § 541.060):

   a. misrepresenting to Plaintiff that freeze damage was covered under the policy and any investigation of the loss would be conducted reasonably without pre-determination;

   b. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim when Defendant Insurer's liability became reasonably clear;

   c. failing to provide promptly to Plaintiff a reasonable explanation of the basis in

>   Defendant Insurer's Policy, in relation to the facts or applicable law, for Defendant Insurer's denial of the claim and failure to pay the full amount of the claim; and
>
>   d. failing within a reasonable time to deny coverage of Plaintiff's claim.

50. Defendant Insurer engaged in the following settlement practices with respect to Plaintiff's claim (TEX. INS. CODE § 541.151):

>   a. misrepresentations and false advertising of Plaintiff's policy contract regarding coverages afforded; and
>
>   b. false information and advertising.

51. Defendant Insurer engaged in the following settlement practices with respect to Plaintiff's claim (TEX. INS. CODE § 541.061):

>   a. making an untrue statement of material fact regarding coverages and the amount of loss;
>
>   b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and
>
>   c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact such as occurred here.

### F. COUNT 6: Fraud

52. Defendant Insurer, as described above and incorporated herein, knowingly and with reckless disregard for Plaintiff in the course of handling this subject claim made false statements, misrepresented material facts and engaged in fraudulent acts for the purpose of misleading Plaintiff as to the actual damages the freeze caused and Plaintiff having relied upon such fraudulent conduct,

has been injured. Specifically, Defendant Insurer continually told Plaintiff that Plaintiff's damages the freeze caused are covered under Defendant Insurer's Policy. Plaintiff relied on Defendant Insurer's misrepresentations to Plaintiff's detriment. That is, Plaintiff would not have purchased or retained Defendant Insurer's Policy if Plaintiff had known Defendant Insurer would not honor the terms and conditions of Defendant Insurer's Policy.

53. Defendant Insurer, as described above and incorporated herein, knowingly and with reckless disregard for Plaintiff in the course of handling this subject claim made false statements, misrepresented material facts and engaged in fraudulent acts for the purpose of misleading Plaintiff as to the rights, duties and insurance benefits in the subject contract for damages the freeze caused and Plaintiff having relied upon such fraudulent conduct, has been injured. Specifically, Defendant Insurer continually told Plaintiff damages the freeze caused are covered under Defendant Insurer's Policy. Plaintiff relied on Defendant Insurer's misrepresentations to Plaintiff's detriment. That is, Plaintiff would not have purchased or retained Defendant Insurer's Policy if Plaintiff had known Defendant Insurer would not honor the terms and conditions of Defendant Insurer's Policy.

54. The above-described conduct was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury. Plaintiff's injuries are the proximate result of Defendant Insurer's misrepresentations and improper claim-handling procedures.

### VII. DAMAGES AND PRAYER

55. Plaintiff herein, complains of Defendant Insurer and prays the Court cite Defendant Insurer to appear and answer and Plaintiff recover from Defendant Insurer the following on a final trial on the merits:

    a. Plaintiff would show all aforementioned acts, taken together or singularly,

constitute the proximate and producing causes of damages Plaintiff sustained.

b. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Defendant Insurer's Policy benefits withheld together with statutory interest and attorneys' fees.

c. For *Texas Unfair Competition and Unfair Practices Act* noncompliance, Plaintiff is entitled to actual damages, which includes the loss of benefits Defendant Insurer should have paid per Defendant Insurer's Policy, including court costs and mandatory attorneys' fees. *See Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.). For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages. *See* TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d. For *Texas Prompt Payment of Claims Act* noncompliance, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest on the total amount of the claim *per annum* post judgment interest, as allowed by law and for any other further relief, either at law or in equity, to which Plaintiff may show here to be justly entitled. *See Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "$I = PRT$," where "$I$" is interest, "$P$" equals the principal, "$R$" equals the rate of interest and "$T$" equals time over which interest is to be calculated. Thus, due to Defendant Insurer's denial, the penalty is calculated

17

until judgment is entered against the insurer. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied). *Also see Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Tex. Ins. Code § 542 Violations are strict liability without any exception.

e. For breach of the common law duty of good faith and fair dealing, actual damages and exemplary damages as to be determined by the jury. *See Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f. For fraud, Plaintiff seeks damages for breach of contract. *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e). Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury. TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g. Plaintiff seeks attorneys' fees at a contingent rate of thirty-three and one third percent as allowed by law. If attorneys' fees must be quantified at an hourly rate, Plaintiff seeks attorneys' fees at $750 an hour. *See Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorneys' fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorneys' fees awards may serve as additional

incentive to the insurance company to respond promptly and diligently to its insureds' claims.

### VIII. RESERVATION OF APPRAISAL RIGHTS

56. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves, Plaintiff's right under Defendant Insurer's Policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiff asserts in this lawsuit.

### IX. AFFIRMATIVE DEFENSES

57. ***Waiver.*** Defendant Insurer has waived certain policy conditions, duties imposed on the Plaintiff and terms of coverage of the insurance policy at issue.

58. ***Contra Proferentem.*** Defendant Insurer's contract is unilateral and in the event of ambiguity must be held against the drafter.

### X. JURY DEMAND

59. Plaintiff respectfully demands a jury trial and will remit the fee at the appropriate time.

Respectfully submitted,

*/s/ Eric B. Dick*
Eric B. Dick, LL.M.
Attorney-in-Charge
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Dr.
Houston, TX 77092-8317
(844) 447-3234 Office
eric@dicklawfirm.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF TAMIKA GLOVER**

## **CERTIFICATE OF SERVICE**

I certify I filed a copy of this motion upon counselors for Defendant via the CM/ECF system as follows October 5, 2022:

Carter L. Ferguson
Jerrod L. Rinehart
Landon D. Young
BRACKETT & ELLIS, P.C.
100 Main St.
Ft. Worth, TX 76102-3090
Telephone: (817) 339-2480
cferguson@belaw.com
jrinehart@belaw.com
lyoung@belaw.com

**ATTORNEYS FOR DEFENDANT**

        SIGNED October 5, 2022

        ***/s/ Eric B. Dick***
        Eric Dick, LL.M.
        TBN: 24064316
        FIN: 1082959
        DICK LAW FIRM, PLLC